IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

UNITED STATES OF AMERICA

v.                                    No. 5:05CV00103 JMM

CHARLIE TODD, JR., Heir of
VeEssie Sharp, Deceased, and
his Spouse, if any; and Occupant
of 604 North Pine Street, Lake
Village, AR  71653

## **JUDGMENT**

Upon the application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants, Loreal Mitchell, Charlie Todd, Jr. and his spouse, if any, are not infants or incompetent persons and are not in the military service of the United States, and it appearing to the Court that said defendants, after having been properly served either by publication pursuant to 28 U.S.C. 1655 as authorized by the Court's Order entered on May 5, 2005, or pursuant to F.R.Civ.P. Rule 4(e)-(j), and  Ark. Rules of Civil Procedure Rule 4(d)(8)(B), have not answered, appeared or otherwise made any defense to the plaintiff's complaint and are wholly in default, it is therefore, ORDERED and ADJUDGED:

1.      The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.      The loan of VeEssie Sharp, deceased, is in default on her obligation to plaintiff, and the indebtedness to the United States of America, U.S. Department of Agriculture, Rural Development, is in the principal sum of $55,208.23, and interest in the sum of $8,957.55 accrued to August 17, 2005, and thereafter at the daily rate of $11.49 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable

charges made pursuant to the terms of the promissory note and mortgage in the sum of $1,689.70 and any additional recoverable charges and advances made during the pendency of this action, and costs of this action.  Plaintiff United States of America, U.S. Department of Agriculture, Rural Development, is hereby awarded judgment in rem against the property described herein for the above-mentioned sums and for the sum of $4,792.10 interest credit under a subsidy repayment agreement.  No personal judgment having been personally prayed for, none is rendered.

3.      The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development, is secured by a mortgage recorded in the records of the Circuit Clerk and Ex-Officio Recorder for Chicot County, Arkansas, on June 28, 2000, in Book K-21 at page 713. Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendant, in and to the following described property in Chicot County, Arkansas:

**The West 75.00 feet of Lot 2 and the North 31.50 feet of the West 75.00 feet of Lot 3 all in Block C of the Frisco Addition to the Town of Lake Village, as shown by plat thereof filed for record in Record Book Y-1 at page 636, Chicot County, Arkansas**.

together with all improvements and appurtenances thereon.

4.      If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the South front door of the Chicot County Courthouse, Lake Village, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, the purchase price shall

be secured by one of the following methods at the purchaser's option: furnish a corporate surety

bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The

corporate surety bond and letter of credit shall be in the amount of the purchase price, plus

interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the

U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for

the property within 30 days, in which event the Marshal shall resell the property. In the event of

a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the

rate of 10% per annum from date of sale. A lien against the property shall be retained to further

secure payment of the purchase money. The property shall be sold subject to any unpaid property

taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the

indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the

amount of the debt and such credit shall be an extinguishment of the debt to the extent of such

credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall

forthwith report the result of the sale to the Court.

5.      After having been properly served, the defendant Loreal Mitchell, Occupant of

604 North Pine Street, Lake Village, AR 71653, is in default. The interest of said defendant is

subordinate and inferior to plaintiff's mortgage and is hereby foreclosed.

6.      VeEssie Sharp died on or about January 3, 2004. Her only surviving heir is

Charlie Todd, Jr. After having been properly served, Charlie Todd, Jr. and his spouse, if any, are

in default. The interest of said defendants is subordinate and inferior to plaintiff's mortgage and

is hereby foreclosed.

7.      Upon the sale of the above-described real property all right, title, claim, interest,

estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower

of the defendant in and to said property and every part thereof shall from that date be foreclosed and forever barred.

8.      The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

9.      The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

10.     The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this __25__ day of _August_, 2005.


_____
UNITED STATES DISTRICT JUDGE